# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

**v.**                                      **Criminal Case No: 2:14-cr-18**

**ROBERT DALE TASKER,**
         **Defendant.**

## OPINION/ REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Robert Dale Tasker, in person and by counsel, L. Richard Walker, appeared before me on December 18, 2014. The Government appeared by Randolph J. Bernard, Assistant United States Attorney. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count One of the Indictment.

The Court proceeded with the Rule 11 proceeding by placing Defendant under oath.

The Court then inquired of Defendant whether he was a citizen of the United States. Defendant responded that he is a citizen. The undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was and counsel for Defendant confirmed the same. The Court asked counsel for the Government to summarize the written plea agreement. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED**

the written plea agreement filed.

The Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Robert Dale Tasker, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent filed.

The undersigned then reviewed with Defendant Count One of the Indictment and the elements the government would have to prove, charging him with knowingly and willfully making a threat against the President of the United States, in violation of 18 U.S.C. § 871. The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in Count One of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge

pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than five (5) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of three (3) years supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release. Defendant further understood there was no parole in the federal system, although she may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant also understood that the parties had reached an agreement regarding an appropriate sentence for the offense charged in Count Nine, that being imprisonment for a period of twelve (12) months. Defendant further understood that any monetary penalties, fees and/or restitution would be determined by the District Court.

The Court inquired of Defendant and determined Defendant also understood that, while the Court may accept, reject or defer its decision, this agreed disposition binds the Court, with respect to the expressly-stated term of imprisonment and supervised release, if and only if the Court accepts the plea agreement; that the District Judge would advise him whether he accepted his plea agreement; and if he did not follow or refused to accept the sentencing provisions set forth in the agreement, Defendant would have the right to withdraw his guilty plea. If Defendant had the right under the above provision to withdraw his guilty plea, and did not do so, the District Judge could then sentence him to any sentence

within the statutory maximum earlier addressed. Upon inquiry, Defendant further understood that the District Judge would utilize the advisory Sentencing Guidelines to assist him in deciding whether to accept or reject his plea agreement and the binding sentence contained therein. The undersigned also advised, and Defendant started that he understood, that the Sentencing Guidelines are no longer mandatory. Defendant further stated his attorney showed him how the advisory Guidelines chart worked.

The undersigned also reviewed with Defendant his waiver of appellate rights as follows:

Ct. Do you understand that you and the Government can appeal any conviction and any sentence that is imposed on you by the District Judge to the Fourth Circuit Court of Appeals provided that you give at least 14 days notice of intent to appeal?

Def. Yes.

Ct. Do you also understand that you may file a motion under 28 U.S.C. 2255, commonly called a writ of habeas corpus motion, challenging your sentence and how the sentence is being carried out?

Def. Yes.

Ct. Do you understand that under paragraph 11 of your written plea agreement, if the District Judge gives you the binding sentence of twelve months, then you give up your right to appeal that twelve-month sentence and the conviction to the Fourth Circuit Court of Appeals?

Def. Yes.

Ct. You also give up your right to collaterally attack or challenge that sentence and how it's being carried out, how it was calculated, by filing a writ of habeas corpus motion?

Def. Yes.

Ct. Did you intend to give up those two valuable direct and indirect appeal rights as set forth in paragraph 11 of your plea agreement?

Def.   Yes.

Ct.   Did you fully understand that paragraph when you signed the written agreement?

Def.   Yes.

Ct.   Has anything changed about your understanding of that paragraph between when you signed the agreement and today?

Def.   No.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the condition contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government or other persons, including his own attorney, other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count One of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and would order a pre-sentence

investigation report be prepared by the probation officer attending the District Court, and only after she had an opportunity to review the pre-sentence investigation report, would the District Judge adjudicate the Defendant guilty of the offense contained in Count One of the Indictment and make a determination as to whether to accept or reject any recommendation or the stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The Court heard the testimony of Special Agent William Smarr of the United States Secret Service. Special Agent Smarr is currently the agent in charge at the Charleston, West Virginia, field office. On December 3, 2013, the Charleston field office received an email that a letter dated December 3, 2013, had been received by the White House Office of Correspondence. That letter contained threats to kill the President and the First Family. The letter contained Defendant's name. Special Agent Smarr confirmed with the Tygart Valley Regional Jail, within the Northern District of West Virginia, that Defendant was still incarcerated there. Subsequently, Special Agent Smarr interviewed Defendant at the jail. Defendant admitted to writing the letter and signed it, noting that he had seen it. He stated that he had sent two (2) or three (3) additional letters containing similar threats since then. Defendant confirmed an intent to carry out the threats should he be able to do so. Special Agent Smarr confirmed that three

(3) additional letters had been received by the White House; a fourth had been intercepted from the jail. Laboratory analysis confirmed that the handwriting in those letters was Defendant's.

Defendant stated he heard, understood, and did not disagree with Special Agent Smarr's testimony. The undersigned United States Magistrate Judge concludes the offense charged in Count One of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by Special Agent Smarr's testimony.

Thereupon, Defendant, Robert Dale Tasker, with the consent of his counsel, L. Richard Walker, proceeded to enter a plea of **GUILTY** to Count One of the Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count One of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed; Defendant made a knowing and voluntary plea of guilty to Count One of the Indictment; and Defendant's plea is independently supported by Special Agent Smarr's testimony, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to Count One of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult

probation officer assigned to this case.

Defendant is remanded to the custody of the State of West Virginia pending further proceedings in this matter.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 18th day of December, 2014.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE